**J. Blair HAYES, Plaintiff,**

v.

**Kathleen SEBELIUS, Secretary, U.S. Department of Health and Human Services, Defendant.**

**Case No. 1:08–cv–0150–RCL.**

United States District Court, District of Columbia.

Aug. 26, 2011.

David H. Shapiro, Ellen K. Renaud, Swick & Shapiro, P.C., Washington, DC, for Plaintiff.

Harry B. Roback, Wyneva Johnson, U.S. Attorney's Office, Washington, DC, for Defendant.

### MEMORANDUM AND ORDER

ROYCE C. LAMBERTH, Chief Judge.

Before the Court is defendant's Motion *in Limine*, Def.'s Mot. Limine, Aug. 15, 2011, ECF No. 71. Having carefully considered the Motion, the Opposition, the Reply, plaintiff's Sur–Reply, oral argument of counsel, the entire record in this case, and the applicable law, the Court will grant in part and deny in part defendant's Motion. The Court will briefly consider the governing law, the parties' arguments, and the Court's reasoning in resolving those arguments in the analysis that follows.

## I. DEFENDANT'S MOTION *IN LIMINE*

As an initial matter, J. Blair Hayes argues in his Opposition that the Motion *in Limine* of the Secretary of the Department of Health and Human Services ("Secretary") should be denied because the Secretary, in filing her Motion, failed to comply with Local Civil Rule 7(m), which requires counsel to discuss anticipated motions in order to "narrow the areas of disagreement." Pl.'s Opp'n [74] 1 (quoting L. Civ. R. 7(m)). The Secretary responds that she has, in fact, complied with Rule 7(m) by discussing the evidence intended to be introduced at trial with Mr. Hayes before filing the instant Motion. Def.'s Reply [75] 3.

The Court finds that Mr. Hayes' local rules argument lacks merit and will consider the Secretary's Motion. As Mr. Hayes' Opposition and the parties' Joint Pretrial Statement demonstrate, and assuming no pre-motion discussion took place (which is disputed), he still would have largely op-

144

posed the Secretary's planned motion on nearly every ground. *See Ghawanmeh v. Islamic Saudi Academy,* 268 F.R.D. 108, 111 (D.D.C.2010). Furthermore, the Court notes that much, if not all, of the evidence at issue in this Motion is presented and objected to in the Joint Pretrial Statement [72], and therefore the parties had their chance to narrow down the disagreements related to the Motion *in Limine* before filing that document.

Therefore, contrary to Mr. Hayes' argument, and in the interests of not getting mired in technical delays on the eve of trial, the Court will consider the Secretary's Motion in full.

### A. Mr. Hayes is precluded from offering testimony or evidence of the *Bryant* litigation, including testimony from Dr. Bryant.

■ Mr. Hayes intends to offer testimony and evidence relating to a lawsuit filed by an HHS employee named Maiso Bryant. In that case, Dr. Bryant claimed that Curtis Coy discriminated against him on the bases of race, sex, and age by transferring him to a different position in April 2003. Dr. Bryant's sex and age discrimination claims were dismissed, but his race discrimination claim went to a jury, which found in favor of Dr. Bryant. While a motion for a new trial and for judgment as a matter of law was pending, the parties settled the case, and the judgment was vacated. The settlement agreement expressly stated that it wasn't to be construed as an admission of liability on the part of the Secretary.

Mr. Hayes says that he doesn't intend to offer evidence regarding Mr. Coy's discrimination against Dr. Bryant, but only to demonstrate "Coy's emotional reaction to the verdict and his retaliatory threat against [Dr. Bryant]." Pl.'s Opp'n [74] 4. The Secretary argues that no testimony or

evidence related to the *Bryant* case can come into evidence. She argues, first, that such evidence would be irrelevant under Rules 401 and 402 of the Federal Rules of Evidence because the jury didn't return a verdict in the *Bryant* case until April 26, 2007, which was more than three months *after* Mr. Coy selected Mr. Anthony for the Deputy Director post. The Secretary suggests that this timing means that the post-non-selection verdict couldn't make it more or less likely that Mr. Coy retaliated against Mr. Hayes when he didn't select him for the permanent Deputy Director post a few months earlier.

■ The Court agrees with the Secretary and will exclude all testimony and evidence concerning the *Bryant* litigation, including the testimony of Dr. Bryant. As an initial matter, and as recognized by Mr. Hayes, courts have found that "me too" evidence, involving a common decisionmaker, is admissible under Rule 404(b) to prove intent or motive to retaliate. *Goldsmith v. Bagby Elevator Co.,* 513 F.3d 1261, 1286 (11th Cir.2008); *Buckley v. Mukasey,* 538 F.3d 306, 319 (4th Cir.2008). "Evidence of an employer's past discriminatory or retaliatory behavior toward other employees—so-called 'me too' testimony—may, depending on the circumstances, be relevant to whether an employer discriminated against or retaliated against a plaintiff." *Nuskey v. Hochberg,* 723 F.Supp.2d 229, 233 (D.D.C.2010). However, contrary to Mr. Hayes' intimations, such testimony is neither *per se* admissible or *per se* inadmissible, but depends on the facts of a given case and how closely related the evidence is to the plaintiff's circumstances and theory of the case. *Id.* (quoting *Sprint v. Mendelsohn,* 552 U.S. 379, 387–88, 128 S.Ct. 1140, 170 L.Ed.2d 1 (2008)). Factors that courts consider in the inquiry include (1) whether past discriminatory or retaliatory behavior is close

in time to the events at issue in the case, (2) whether the same decisionmaker was involved, (3) whether the witness and plaintiff were treated in the same manner, and (4) whether the witness and plaintiff were otherwise similarly situated. *Id.*

Applying the *Nuskey* factors, the Court finds that they weigh strongly in favor of excluding testimony or evidence related to the *Bryant* litigation. The first factor—temporal proximity—weighs against admitting the evidence, as the four-year gap between Dr. Bryant's transfer and Mr. Hayes' non-selection is too large to suggest a nexus between the two events. As to the second factor—whether the same decisionmaker was involved—it obviously weighs in favor of admitting the evidence, as Mr. Coy was the decisionmaker in both cases. However, both of the remaining factors weigh against admission. Dr. Bryant and Mr. Hayes weren't treated in the same manner by Mr. Coy. Dr. Bryant claims that he was discriminated against by being *transferred* by Mr. Coy to another position, while Mr. Hayes claims that he was retaliated against by *not being selected* for the vacant, permanent Deputy Director post. Mr. Hayes also makes a vague reference to a "retaliatory threat" allegedly made by Mr. Coy to Dr. Bryant, Pl.'s Opp'n [74] 4, as well as other "negative behavior," Pl.'s Sur–Reply [76] 2, but no information is provided about this alleged conduct, including whether Dr. Bryant previously complained of it as retaliation or whether it was acted upon, that might permit Dr. Bryant to testify, particularly given that the *Nuskey* factors generally weigh against the admission of any evidence or testimony concerning the *Bryant* litigation. As to the fourth *Nuskey* factor, Mr. Hayes provides no argument that Dr. Bryant and Mr. Hayes were otherwise similarly situated, weighing against admission of the evidence.

Therefore Mr. Hayes is precluded from offering evidence or testimony concerning the *Bryant* litigation, including the testimony of Dr. Bryant. The Court will grant the Secretary's Motion *in Limine* as to that issue.

**B.  Testimony of Debbie Powell**

■ For the same reasons discussed in the previous section, the Court will preclude Mr. Hayes from offering the testimony of Debbie Powell at trial, including any evidence related to her testimony. Applying the *Nuskey* factors, neither party provided a date for when Ms. Powell was allegedly retaliated against by Mr. Coy, leaving that factor neutral. However, the evidence supplied by the Secretary, and not addressed by Mr. Hayes in his Opposition, suggests that Ms. Powell's only theory for retaliation by Mr. Coy is that he was generally in charge of personnel matters, and once her supervisors (the main focus of her discrimination and retaliation complaints) decided to reassign her to a different position, Mr. Coy acted on their request. Def.'s Ex. 1, Powell Dep. [71–1], at 57:3–12. Mr. Hayes provides no evidence suggesting that Mr. Coy somehow conspired with her supervisors to effectuate a retaliatory scheme directed at her. He refers vaguely to Mr. Coy's "retaliation against [Ms. Powell] following her allegation of discrimination" against persons *other* than Mr. Coy, Pl.'s Sur–Reply [76] 5, but nothing particular about how his actions were retaliation for that protected conduct or how such conduct, years before, sheds light on Mr. Coy's behavior toward Mr. Hayes in 2007.

Considering the third *Nuskey* factor, the treatment of Ms. Powell and Mr. Hayes is different, the former being reassigned to a different position while the latter (Mr. Hayes) wasn't selected for a vacant position for which he applied. *See Nuskey*, 723 F.Supp.2d at 233. Finally, Mr. Hayes, as is the case with the *Bryant* litigation,

provides no argument for why he and Ms. Powell are otherwise similarly situated, such that her treatment at the hands of Mr. Coy sheds any light on Mr. Hayes' non-selection in 2007.

### C. Mr. Hayes is precluded from offering testimony or evidence concerning the acting Deputy Director position.

■ Mr. Hayes intends to offer evidence related to Curtis Coy's decision to choose an acting Deputy Director while Mr. Hayes was away on vacation in 2006. Pl.'s Opp'n [74] 5. Mr. Hayes plans to offer this evidence to show that Mr. Coy's behavior is "in keeping with his pattern of resenting employees who participate in the EEO process." *Id.* He suggests it is relevant to Mr. Coy's "retaliatory motive with regard to [Mr. Coy's] actions five months later when he passed over Mr. Hayes for the [permanent] Deputy Director position. . . ." *Id.* at 5 n. 3.

The Court will exclude all testimony and evidence concerning Mr. Hayes' non-selection for the acting Deputy Director position, with the exception of the fact that Mr. Hayes' initiated the EEO process giving rise to this lawsuit by his non-selection as the acting Deputy Director. The jury will be permitted to consider that sole fact. The Court's February 2011 Memorandum Opinion [65] made clear, per Local Civil Rule 7(b) and case law from this Circuit, that Mr. Hayes conceded the Secretary's argument that Mr. Coy didn't discriminate or retaliate against him by choosing an acting Deputy Director while Mr. Hayes was away on vacation. Mem. Op. [65] 15–16. Absent a compelling reason to do otherwise, the law-of-the-case doctrine requires the Court to continue to apply the conclusions of law contained in its February 2011 Memorandum Opinion to later stages of this case. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811

(1988). Mr. Hayes will not be permitted to offer evidence or testimony whose purpose is to show that Mr. Coy is a "repeat retaliator" based upon conduct that Mr. Hayes conceded wasn't discriminatory or retaliatory.

This testimony is likewise precluded because Mr. Hayes neglected, in his Opposition, to rebut or even address the Secretary's arguments under Rule 403 of the Federal Rules of Evidence for exclusion of this evidence. Therefore that argument is deemed conceded.

Therefore Mr. Hayes is precluded from offering evidence or testimony concerning the acting Deputy Director position, with sole exception stated above. The Court will grant the Secretary's Motion *in Limine* as to that issue.

### D. Mr. Hayes is precluded from offering testimony or evidence concerning his 2006 performance appraisals.

For the reasons stated in the preceding section (I.C), the Court concludes that Mr. Hayes is precluded from offering evidence or testimony concerning his 2006 performance appraisals. Mr. Hayes conceded that the performance appraisals he received in 2006 weren't the result of retaliation or discrimination. The Court will grant the Secretary's Motion *in Limine* as to that issue.

### E. Mr. Hayes is precluded from offering testimony or evidence concerning his 2007 performance appraisals.

■ Although it is unclear from his submissions, to the extent that Mr. Hayes plans to offer testimony or evidence concerning his 2007 performance appraisals, such testimony or evidence is precluded. In the Court's February 2011 Memorandum Opinion, the Court agreed with the Secretary that Mr. Hayes had failed to

carry his burden on summary judgment as to his claims that his "Minimally Successful" rating in 2007 was discriminatory or retaliatory. Mem. Op. [65] 28–31. Those claims were therefore dismissed. The Court is bound to that prior decision, and it applies to later stages of this case. *See Christianson,* 486 U.S. at 816, 108 S.Ct. 2166. Mr. Hayes will not be permitted to offer evidence or testimony whose effect is to show that Mr. Coy is a repeat retaliator based upon conduct that the Court determined, as a matter of law, wasn't discriminatory or retaliatory.

Furthermore, Mr. Hayes fails to address the Secretary's argument on this score in his Opposition, and so her arguments are deemed conceded.

Therefore Mr. Hayes is precluded from offering evidence or testimony concerning his 2007 performance appraisals. The Court will grant the Secretary's Motion *in Limine* as to that issue.

### F. Mr. Hayes is precluded from offering testimony or evidence concerning the monitoring or criticizing of his work.

For the reasons stated in Section I.C, the Court concludes that Mr. Hayes is precluded from offering testimony or evidence concerning Mr. Coy's monitoring or criticizing of Mr. Hayes' work. Mr. Hayes conceded that such conduct by Mr. Coy wasn't discriminatory or retaliatory. The Court will grant the Secretary's Motion *in Limine* as to that issue.

### G. Mr. Hayes is precluded from offering testimony or evidence concerning the assignment to him of duties outside his position description.

For the reasons stated in Section I.C, the Court concludes that Mr. Hayes is precluded from offering testimony or evidence concerning Mr. Coy's assignment to Mr. Hayes of duties outside his position description. Mr. Hayes conceded that such conduct by Mr. Coy wasn't discriminatory or retaliatory. The Court will grant the Secretary's Motion *in Limine* as to that issue.

### H. Mr. Hayes is precluded from offering testimony or evidence concerning his placement on a PIP.

Mr. Hayes says he has no plans to offer testimony or evidence concerning his placement on a Performance Improvement Plan ("PIP"), although he cites case law to argue that he can if he so chooses. Pl.'s Opp'n [74] 2. However, to leave no doubt, such testimony or evidence is precluded by the Court's February 2011 Memorandum Opinion. In that Opinion, the Court agreed with the Secretary that Mr. Hayes had failed to carry his burden on summary judgment as to his claims that his placement on a PIP by Mr. Coy was discriminatory or retaliatory. Mem. Op. [65] 28–31. Those claims were therefore dismissed. The Court is bound to that prior decision, and it applies to later stages of this case. *See Christianson,* 486 U.S. at 816, 108 S.Ct. 2166. Mr. Hayes will not be permitted to offer evidence or testimony whose effect is to show that Mr. Coy is a repeat retaliator based upon conduct that the Court determined, as a matter of law, wasn't discriminatory or retaliatory.

Therefore Mr. Hayes is precluded from offering evidence or testimony concerning his placement on a PIP. The Court will grant the Secretary's Motion *in Limine* as to that issue.

### I. Mr. Hayes is precluded from offering testimony or evidence concerning Mr. Coy's selection of Robert Velasco as Deputy Director in 2006, including the testimony of Robert Velasco.

Mr. Hayes says he has no plans to offer testimony or evidence concerning Mr.

Coy's earlier selection of Robert Velasco as Deputy Director, although he cites case law to argue that he can if he so chooses. Pl.'s Opp'n [74] 2. His Sur–Reply also confirms that Mr. Hayes intends to renew what this Court's February 2011 Memorandum Opinion intended to put to rest: namely, Mr. Hayes intends to explore the experience and qualifications of Mr. Velasco regarding his selection for the Deputy Director position in 2006, and to explore thereby "the validity of grants experience" to the 2007 Deputy Director selection process. Sur–Reply [76] 5.

■ However, to leave no doubt, the Court finds that Mr. Hayes is precluded from offering testimony or evidence concerning the January 2006 selection, by Mr. Coy, of Robert Velasco to serve as Deputy Director, including the testimony of Mr. Velasco. This evidence will be excluded as irrelevant to the retaliation claim in this case. Fed.R.Evid. 402. The circumstances surrounding Mr. Coy's selection of Mr. Velasco in early 2006 were entirely different than those involved in the 2007 selection decision involving Mr. Hayes and Joel Anthony. *See* Mem. Op. [65] 23–24. Any comparison between them will tend only to mislead the jury. Furthermore, the evidence is irrelevant. Nothing about Mr. Velasco's qualifications for the job in 2006, or what Mr. Coy was looking for in a Deputy Director in 2006 given the available applicants, will make it more or less likely that Mr. Coy retaliated against Mr. Hayes by not selecting him for the Deputy Director post in 2007.

This testimony is likewise precluded because Mr. Hayes neglected, in his Opposition and Sur–Reply, to rebut or even address the Secretary's arguments under Rule 403 of the Federal Rules of Evidence for exclusion of this evidence. Therefore that argument is deemed conceded. The Court will therefore grant the Secretary's Motion *in Limine* as to this issue.

**J. Mr. Hayes is precluded from offering testimony or evidence concerning prior settlement agreements and EEO activity, with a couple of exceptions.**

■ To the extent that Mr. Hayes seeks to offer testimony or evidence relating to EEO activity other than that which gave rise to this lawsuit, including his 2001 case that resulted in a settlement from which he obtained the Procurement Advisor position, such testimony or evidence will be excluded under Rules 402 and 403 of the Federal Rules of Evidence. In addition, Mr. Hayes failed to address the Secretary's arguments for excluding this evidence and they are therefore deemed conceded.

However, the jury will be permitted to consider the following facts: Mr. Hayes sued the Secretary in 2001, and Mr. Hayes and the Secretary reached a settlement in 2003, and pursuant to that settlement Mr. Hayes received a promotion to the position of Procurement Advisor. The jury will not be told about the type of case Mr. Hayes filed, the claims, the facts giving rise to those claims, how they were resolved, or any other facts concerning the 2003 settlement agreement or its terms. Furthermore, the jury will be specifically instructed that Mr. Coy wasn't involved in Mr. Hayes' 2001 case in any way.

The Court will therefore grant in part and deny in part the Secretary's Motion *in Limine* as to this issue.

**K. Mr. Hayes may present to the jury the fact that the EEO process giving rise to this lawsuit was initiated when he wasn't selected as acting Deputy Director in 2006, but any other testimony or evidence will be excluded.**

■ To the extent that Mr. Hayes intends to offer evidence or testimony con-

cerning the EEO complaint giving rise to this lawsuit, which was based upon Mr. Hayes' non-selection as acting Deputy Director in 2006, such testimony or evidence will be excluded. Mr. Hayes fails to address any of the Secretary's arguments for the exclusion of this evidence in his Opposition, and so they are deemed conceded. The only fact that the jury will be permitted to consider is that the EEO process that resulted in Mr. Hayes' retaliation suit against the Secretary was initiated when he wasn't selected as acting Deputy Director in 2006. All other testimony or evidence concerning that non-selection will be excluded, and the jury will be specifically instructed that Mr. Hayes' non-selection for that position wasn't the result of retaliation or discrimination by Mr. Coy or anyone else at HHS.

Therefore the Secretary's Motion *in Limine* will be granted as to this issue.

### L. Mr. Hayes is precluded from offering evidence or testimony regarding EEO complaints by or against Joel Anthony.

█ Mr. Hayes says he has no plans to offer testimony or evidence concerning EEO complaints filed against Mr. Anthony, although he cites case law to argue that he can if he so chooses. Pl.'s Opp'n [74] 2. However, to leave no doubt, the Court finds that to the extent that Mr. Hayes intends to offer evidence or testimony concerning EEO complaints filed by or against Mr. Anthony, such testimony or evidence will be excluded. Such evidence is not relevant to a fact at issue in this case. Fed.R.Evid. 401, 402. It is also barred by Rule 404(b), as the only purpose for which such evidence would be offered is to attack Mr. Anthony's character. Finally, as additional, independent ground for excluding this evidence, since Mr. Hayes' didn't address, in his Opposition,

the Secretary's Rule 403 arguments for exclusion of this evidence, those arguments are deemed conceded.

Therefore the Secretary's Motion *in Limine* will be granted as to this issue.

### M. Mr. Hayes's request for a jury instruction on mixed motive retaliation

It is unclear from Mr. Hayes' submissions whether or not he is proposing, as the Secretary contends, a "mixed motive" jury instruction. Therefore the Court will defer ruling on this issue, and the Secretary's own request for an alternative jury instruction, until trial. Mr. Hayes is advised, however, that a "mixed motive" retaliation instruction would be in conflict with this Court's February 2011 Memorandum Opinion. Mem. Op. [65] 31–43.

Therefore the Secretary's Motion *in Limine* will be deferred until trial as to this issue.

## II. CONCLUSION

Accordingly, it is hereby

ORDERED that defendant's Motion *in Limine* is GRANTED IN PART AND DENIED IN PART. Specifically, it is

(1) ORDERED that as to Maiso Bryant's testimony at trial, and plaintiff's proposed exhibits that relate to Dr. Bryant's claims against the Secretary, the motion is GRANTED; and it is further

(2) ORDERED that as to Debbie Powell's testimony at trial, the motion is GRANTED; and it is further

(3) ORDERED that as to testimony or evidence related to the selection of Joel Anthony as acting Deputy Director in 2006, the motion is GRANTED; and it is further

(4) ORDERED that as to testimony or evidence concerning Mr. Hayes' 2006

and 2007 performance appraisals, the motion is GRANTED; and it is further

(5) ORDERED that as to testimony or evidence concerning Mr. Coy's monitoring or criticism of Mr. Hayes' work, the motion is GRANTED; and it is further

(6) ORDERED that as to testimony or evidence concerning Mr. Coy's alleged assignment to Mr. Hayes of duties outside of his position description, the motion is GRANTED; and it is further

(7) ORDERED that as to testimony or evidence concerning Mr. Hayes' placement by Mr. Coy on a Performance Improvement Plan ("PIP"), the motion is GRANTED; and it is further

(8) ORDERED that as to Robert Velasco's testimony at trial, and plaintiff's proposed exhibits related to his employment at the Department of Health and Human Services ("HHS"), the motion is GRANTED; and it is further

(9) ORDERED that as to testimony or evidence concerning Mr. Hayes' prior EEO activity, the motion is GRANTED IN PART AND DENIED IN PART. Specifically, Mr. Hayes is precluded from offering testimony or evidence concerning other settlement agreements or EEO activity, except that the jury will be permitted to consider the sole fact that Mr. Hayes sued the Secretary in 2001, and Mr. Hayes and the Secretary reached a settlement in 2003, and pursuant to that settlement Mr. Hayes received a promotion to the position of Procurement Advisor. Furthermore, the jury will be specifically instructed that the 2001 case didn't involve Mr. Coy in any way.

(10) ORDERED that as to testimony or evidence concerning Mr. Hayes' EEO complaint based upon his non-selection as acting Deputy Director, the motion is GRANTED. Specifically, the jury will be permitted to consider only the fact that the EEO process that resulted in Mr. Hayes' retaliation suit against the Secretary was initiated when he wasn't selected as acting Deputy Director in 2006. All other testimony or evidence concerning that non-selection is excluded, and the jury will be specifically instructed that Mr. Hayes' non-selection for that position wasn't the result of retaliation or discrimination by Mr. Coy or anyone else at HHS; and it is further

(11) ORDERED that as to evidence or testimony related to EEO activity by or against Joel Anthony, the motion is GRANTED; and it is further

(12) ORDERED that as to the Secretary's request for a jury instruction, the motion is DEFERRED UNTIL TRIAL.

SO ORDERED.